IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01754-WYD-MEH

COBBLER NEVADA, LLC,

      Plaintiff,

v.

DOES 1-33,

      Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on September 11, 2015.**

      Before the Court is a letter construed as a Motion to Quash Subpoena filed by a Defendant John Doe [filed September 9, 2015; docket #12].  The motion is **denied without prejudice** for the following reasons.

      From the content of the present motion, the Court infers that this John Doe seeks to proceed in this litigation anonymously.  However, he has failed to properly seek permission from the Court to do so.  *See K-Beech, Inc. v. Does 1-29*, 826 F. Supp. 2d 903, 905 (W.D.N.C. 2011) (noting that a party who wishes to proceed anonymously may overcome the presumption against anonymous proceedings by filing a well-reasoned motion to proceed anonymously); *see also West Coast Prods., Inc. v. Does 1-5829*, 275 F.R.D. 9, 12 (D.D.C. 2011) ("federal courts generally allow parties to proceed anonymously only under certain special circumstances when anonymity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment").  Therefore, if John Doe wishes to re-file his motion in accordance with this order and all applicable local and federal court rules, he may do so **on or before September 30, 2015** and must first (or contemporaneously) file a motion to proceed anonymously in accordance with Rule 11(a).  The Court may strike any motion or other filing that deviates from the requirements of this order or from those set forth in the applicable local or federal rules.

      Further, the Court notes that John Doe failed to file with his motion a copy of the challenged subpoena.  Therefore, if John Doe chooses to re-file his motion to quash, he is instructed to file a copy of the challenged subpoena with the motion.

      Finally, the Court reminds John Doe that Fed. R. Civ. P. 45(d)(3)(A) requires the Court to quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires excessive travel by a non-party; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.  No other grounds are

listed.

   The Clerk of the Court shall maintain the document at docket #12 under Level 2 restriction until further order of the Court.