IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01754-WYD-MEH

COBBLER NEVADA, LLC,

Plaintiff,

v.

DOES 1-33,

Defendants.

---

# MINUTE ORDER

---

**Entered by Michael E. Hegarty, United States Magistrate Judge, on September 18, 2015.**

The Motion to Quash or Vacate Subpoena filed by an unidentified Defendant John Doe [filed September 17, 2015; docket #21] is **denied without prejudice** for the following reasons.

First, Defendant John Doe has failed to comply with Fed. R. Civ. P. 11(a), which states in pertinent part,

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented. The paper must state the signer's address, email address, and telephone number.

From the content of the present motion, the Court infers that this John Doe seeks to proceed in this litigation anonymously. However, he has failed to properly seek permission from the Court to do so.[1] *See K-Beech, Inc. v. Does 1-29*, 826 F. Supp. 2d 903, 905 (W.D.N.C. 2011) (noting that a party who wishes to proceed anonymously may overcome the presumption against anonymous proceedings by filing a well-reasoned motion to proceed anonymously); *see also West Coast Prods., Inc. v. Does 1-5829*, 275 F.R.D. 9, 12 (D.D.C. 2011) ("federal courts generally allow parties to proceed anonymously only under certain special circumstances when anonymity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment"). Therefore, if John Doe wishes to re-file his motion in accordance with this order and all applicable local and federal

---

[1] Although Defendant asserts "I respectfully request that I be allowed to file this motion to quash or vacate without revealing my personal identifying information," such unsupported statement fails to comply with D.C. Colo. LCivR 7.1(d) ("a motion ... shall be supported by a recitation of legal authority incorporated into the motion") and the law cited herein.

court rules, he may do so **on or before October 2, 2015** and must first (or contemporaneously) file a motion to proceed anonymously in accordance with Rule 11(a). With such filing, John Doe must provide to the Court his name, address, telephone number and email address in the form of a separate written "supplement" to the motion.[2] If John Doe wishes to keep this supplement (containing his identifying information) confidential, he may file a motion to file the supplement under restriction pursuant to the procedure set forth in D.C. Colo. LCivR 7.2. The Court may strike any motion or other filing that deviates from the requirements of this order or from those set forth in the applicable local or federal rules.

Further, the Court notes that John Doe failed to file with his motion a copy of the challenged subpoena. Therefore, if John Doe chooses to re-file his motion to quash, he is instructed to file a copy of the challenged subpoena with the motion.

Finally, the Court reminds John Doe that Fed. R. Civ. P. 45(d)(3)(A) requires the Court to quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires excessive travel by a non-party; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. No other grounds are listed.

---

[2]In addition to compliance with Rule 11, the Court also notes the necessity of having such information for the proper and efficient management of its docket.